Green, J.
delivered the opinion of the court.
This action is brought by the endorsees against the maker of a bill single for thirty-six dollars. The defendant proved that the note was given in part for hogs which the payee fraudulently represented he owned. He proved that it was assigned by the payee to the plaintiffs in payment of a preexisting debt due them by Everett, the payee.
The court charged the jury that the “receiving the note by the plaintiffs for a pre-existing debt due from Everett, the original payee, was a good consideration, and in the usual course of trade.” In this charge there is error. In Kimbro vs. Lytle, 10 Yer. 417, and Nichol and Hill vs. Bates, 10 Yer. 429, it is settled that “due course of trade is where the holder has given for the note his money, goods or credit at the time of receiving it, or has on account of it sustained some loss or incurred some liability.”
Where a party receives a note for a pre-existing debt due from the person only who assigns the note he parts with nothing; he is in the same situation after a successful de-fence by the maker that he was before he took the note. It is not like the case where a note in bank is taken to renew one already existing. In that case the bank gives up the endorser on the old note, and thereby parts with the security; but here the plaintiffs parted with nothing. The note was not taken therefore in due course of trade. Bay vs. Coddington, 20 John. Rep. 637.
Reverse the judgment and remand the cause.